UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD CUMMINGS,

        Petitioner,                        Case No. 11-10003

v.                                           Honorable David M. Lawson

LLOYD RAPELJE,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION REQUESTING STAY

The petitioner, Chad Cummings, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted by a jury of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and one count of third degree criminal sexual conduct, Mich. Comp. Laws § 750.520d. He was sentenced on April 16, 2007 as a fourth felony habitual offender to 360 to 750 months on the first-degree criminal sexual conduct counts and 290 to 750 months on the third-degree count. In his petition, the petitioner advances claims that his Sixth and Fourteenth Amendment rights were violated during the state court trial.

Within the body of his habeas petition, the petitioner asks the Court to hold his petition in abeyance to give him the opportunity to exhaust additional claims that are not included in the current petition. Because the Court believes a stay of proceedings is inappropriate, the petitioner's motion to hold his petition in abeyance will be denied.

I.

The petitioner was convicted of the charges mentioned above following a jury trial in the Berrien County, Michigan circuit court. The petitioner's convictions were affirmed by the Michigan

Court of Appeals on May 14, 2009 in an unreported decision. *People v. Cummings*, No. 281545, 2009 WL 1352014 (Mich. Ct. App. May 14, 2009). The petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on January 29, 2010. *People v. Cummings*, 485 Mich. 1074, 777 N.W.2d 154 (2010).

On September 29, 2010, the petitioner signed and dated the instant application for writ of habeas corpus that was filed with this Court on January 3, 2011. The petitioner raises the following five claims, which the petitioner asserts have been exhausted in the state courts:

> I. The defendant was denied his Sixth Amendment right to the effective assistance of counsel when counsel: (1) completely failed to investigate crucial matters mitigating to the case, (2) failed to disqualify two biased jurors for cause.
>
> II. The trial court abused its discretion violating peritioner's due process rights when it: (1) failed to grant petitioner's request to disqualify defense counsel, (2) denied the petitioner's right to raise and present a defense by preventing defense witnesses from testifying because the witnesses allegedly violated sequestration order.
>
> III. Petitioner was denied the effective assistance of appellate counsel by failing to raise the issues raised in petitioner['s] supplemental brief pursuant to Administrative Order 2006-4, Standard 4.
>
> IV. The defendant's sentence was invalid when [the] prosecutor failed to file a timely habitual notice as required by law.
>
> V. Defendant's sentence is invalid since it was based on inaccurate information and improper scoring.

Pet. at 2. The petitioner seeks to have the case stayed so that he may exhaust additional claims related to his ineffective assistance of counsel claims, prosecutorial misconduct claim, and an actual innocence claim based on newly discovered evidence.

II.

State prisoners must exhaust available state remedies for their claims before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Because habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition.

The claims in the petitioner's *pro se* habeas corpus petition appear to be exhausted. If the petitioner were to file a supplemental brief raising new issues that were not raised in state court, the Court would be required to dismiss the petition in its entirety, absent unusual or exceptional circumstances. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

The petitioner moves the Court to hold his petition in abeyance while he proceeds to exhaust any additional claims in the state courts. District courts possess authority to issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "does not deprive district courts of that authority, but it does circumscribe their discretion." *Ibid*. (internal citation omitted). A stay of proceedings must be compatible with the AEDPA's twin purposes of reducing delay in the execution of criminal sentences and encouraging the finality of state court judgments. *Ibid*. These twin purposes must be balanced against the interests served by the total exhaustion rule set forth in *Rose v. Lundy*. *Ibid.* Stay and abeyance are available only in limited circumstances, such as when the petitioner shows "good cause" for the failure to exhaust claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78. Although this Court has held habeas petitions in abeyance in cases in which the time has run on a petitioner's statute of limitations and the petition contains

both exhausted and unexhausted claims, it appears that the petition in this case contains only exhausted claims and the petitioner has sufficient time remaining in his limitations period to exhaust her state court remedies on any additional claims and amend his petition before the limitations period expires. In the alternative, the petitioner could move this court to dismiss his petition without prejudice, then exhaust his claims and re-file the petition.

The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. See 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply) *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

The petitioner's conviction in this case became final on April 29, 2010, ninety days after the Michigan Supreme Court denied the petitioner leave to appeal, when the time for filing a petition for a writ certiorari in the Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). As of today, the petitioner has 106 days remaining before the statute of limitations expires. The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2). Therefore, if the petitioner properly initiates his state court post-conviction proceedings before April 29, 2011, he will not lose his federal habeas rights. Because it appears that

the petitioner has sufficient time to exhaust his state court remedies within the statutory period, the Court will deny the petitioner's motion to hold the petition in abeyance.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief

from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

### III.

The Court concludes that the petition may not be held in abeyance because the petition does not appear to contain unexhausted claims and the petitioner has sufficient time remaining to exhaust his state court remedies within the limitations period.

Accordingly, it is **ORDERED** that the petitioner's motion to hold his habeas corpus petition in abeyance [dkt # 1] is **DENIED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: January 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2011.

                               s/Deborah R. Tofil
                               DEBORAH R. TOFIL